Parker, C. J.,
delivered the opinion of the Court.
The case presents very strong evidence of an intention, on the part of the plaintiff’s husband, to leave to her management and control the little property she had at the time of the marriage; and to keep it separate from his estate, that she might enjoy it after his decease. All the money claimed in this action, against the executors of her husband, was derived from the shares in the Newburyport bank, which stood in her name previous to the marriage. The question is, whether the intent of the husband can be carried into effect; and to settle this, it must be determined whether the bank shares were choses in action; and if so, whether they, or the money *47 proceeding from them, were reduced to possession by the husband in his lifetime.
No question is made as to the shares which remained in the plaintiff’s name. When the new subscription was * made, the husband stated unequivocally his intention [ *59 ] not to appropriate those shares to himself, which he might have done, if he had so chosen. He subscribed in the name of his wife; but the balance in money, which became due in consequence of the reduction of shares, he received sub modo; that is, it was passed to his credit, as a deposit. This transaction, unexplained, would have vested the property in him. But he was anxious not to have it so considered, and explicitly declared that he considered it his wife’s property, saying that he had enough of his own. This declaration rebuts the presumption, arising from the credit being given to him ; and disaffirms any property in himself arising out of the transaction. Here there is no reducing to possession.
A man shall not be held to do an act, which in some circumstances would be dishonorable, contrary to his own intentions; but the law will assist him in waiving any legal right he may have over the property of another.
Decisions in chancery have supported the interest of the wife in such cases, and there is no reason why courts of law should be less liberal. In the case of Nash vs. Nash (1), the father, after the marriage of his daughter, drew a check in her favor on his banker for £10,000. The banker gave her a promissory note for the whole sum. The husband received £1000 on the note, and the interest of the £9000 during his life. It was holden that, after the death of the husband, the wife was entitled to the note, as a chose in action not reduced to possession, and that it survived to her. Here the money in the hands of the banker became the husband’s immediately, if he had chosen. The note given by the banker to the wife, the husband might have sued in his own name. The interest and part of the principal he actually received. This was enough to reduce to possession, but for the intention of the husband, which was manifestly to consider the capital as a fund for his wife.
* The case before us is more favorable for the plaintiff; [ * 60 J for the bank shares were her property before her marriage, and there was an explicit declaration from the husband, that he did not mean to exercise his marital rights over the shares, or the fruits of them.
*48 As to the sum received by the defendants, as dividends of profits on the shares standing in the plaintiff’s name, and that received by them on account of the reduction of the capital stock, the case is still more clear. For the testator himself subscribed the shares in her name; and although he received the dividends in his lifetime, he probably paid them over to her. At any rate, he chose not to mingle this property with his own, for the very purpose, (for there could be no other,) of leaving them hers, when he should die (2).
If creditors had claimed this property, the question might have been difficult; but as the estate of the deceased husband was amply solvent, the law will not defeat his intent to do a charitable, if not a just, act to his wife. '
The defendants must be called, and judgment entered for the plaintiff, for the respective sums claimed by her, with interest.
Defendants defaulted (3).

 2 Mod. 133.

 [The shares for which the husband subscribed must be regarded as his property, although the subscription was in the name of his wife. So far the proceeds of the wife’s property was reduced to possession.—Ed.]

 Vide 3 Mk. 376. 20.—2 Vesey, 678.-2 Mod. 217.—2 P. Will. 497.-3 Maulé l Selwyn, 393.—9 Vesey, jun., 174.